IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EVA NORDIN, an individual				No. 3:22-cv-00775-HZ

        Plaintiff,				OPINION & ORDER

   v.

THE STANDARD FIRE INSURANCE
COMPANY, a foreign corporation,

        Defendant.


Paul H. Krueger
Kymber R. Lattin
Paul Krueger Law Firm PC
4380 S.W. Macadam Avenue
Suite 450
Portland, OR 97239

   Attorneys for Plaintiff

Peder A. Rigsby
Sean Douglas McKean
Bullivant Houser Bailey
One SW Columbia
Suite 800
Portland, OR 97204

   Attorneys for Defendant


1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

This matter is before the Court on its own review of Defendants' Notice of Removal (#1). The Court concludes Defendant has established this Court has jurisdiction.

## BACKGROUND

The following facts are taken from the Complaint and the parties filings related to jurisdiction and are taken as true unless otherwise noted.

On May 3, 2021, Plaintiff Eva Nordin was insured by Defendant The Standard Fire Insurance Company when she was involved in a motor vehicle collision. As a result of the collision, Plaintiff sustained injuries that required her to seek medical treatment and her physician determined that she was disabled and unable to engage in her usual occupation. Plaintiff, therefore, made a timely demand for reimbursement for both her medical expenses and wage loss from Defendant.

Ultimately, Plaintiff filed an action against Defendant in Multnomah County Circuit Court asserting claims for payment of personal injury protection benefits, breach of the implied covenant of good faith, and negligent infliction of emotional distress, and seeking damages totaling $75,000 as well as attorney's fees pursuant to Oregon Revised Statute § 742.061. On May 27, 2022, Defendant removed the matter to this Court on the basis of diversity jurisdiction. In its Notice of Removal Defendant asserted "together with attorney fees, the amount in controversy in this matter exceeds $75,000." Notice of Removal ECF 1 ¶ 6.

On June 21, 2022, the Court held a Rule 16 conference at which the Court noted it was concerned that Defendant had not established this Court has jurisdiction because Plaintiff alleged damages of exactly $75,000 and there is some question as to whether attorney fees should be

considered when evaluating the amount in controversy. Accordingly, the Court directed the parties to submit briefing on the issue of jurisdiction.

## STANDARDS

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 142 S. Ct. 1310, 1315 (2022). Federal courts are "limited, by Congress and by the Constitution, in the subject matter of cases [they] may adjudicate." *Polo v. Innoventions Int'l, LLC,* 833 F.3d 1193, 1196 (9th Cir. 2016). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Federal courts have "an independent obligation to ensure subject matter jurisdiction exists," *Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413, 415 (9th Cir. 2018), and, therefore, a court may raise the question of subject-matter jurisdiction *sua sponte* at any time during the action. Fed. R. Civ. P. 12(h)(3). *See also Polo*, 833 F.3d at 1196 ("No motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court.").

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The court must "strictly construe the removal statute against removal jurisdiction." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056–57 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). "If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Id.* The party asserting federal jurisdiction bears the burden of overcoming the "strong presumption against removal jurisdiction." *Id.* (citing *Geographic Expeditions*, 599 F.3d at 1107).

3 – OPINION & ORDER

**DISCUSSION**

**I.     Amount in Controversy Standards**

An amount in controversy exceeding $75,000 is a prerequisite for diversity jurisdiction. 28 U.S.C. § 1332(a). "'[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by . . . suing for less than the jurisdictional amount.'" *Gavitt v. T-Mobile USA, Inc.*, No. 3:20-CV-01331-BR, 2020 WL 7049087, at *3 (D. Or. Dec. 1, 2020)(quoting *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)). Thus, when "it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez*, 888 F.3d at 416 (quotation omitted). *See also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003)("it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.").

"[W]hether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). In addition, when "determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.,* 692 F. App'x 806, 807 (9th Cir. 2017)(citing *Campbell v. Vitran Express, Inc*., 471 F. App'x 646, 648 (9th Cir. 2012)).

**II.    Analysis**

Defendant concedes that Plaintiff seeks damages of exactly $75,000, in her Complaint, but asserts the Court should consider attorney fees when determining the amount in controversy. Plaintiff asserts attorney fees should not be considered part of the amount in controversy in this case.

> **A.    Attorney fees pursuant to Oregon Revised Statute § 742.061 should be included in the calculation of the amount in controversy for removal jurisdiction**

Plaintiff concedes that the Ninth Circuit has held when "an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Plaintiff asserts, however, that a careful analysis of 28 U.S.C. § 1332 in conjunction with O.R.S. § 742.061 indicates attorney fees should not be included in the calculation of the amount in controversy in this action. Specifically, Plaintiff notes § 1332 provides "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs*. . . ." Emphasis added. In turn, § 742.061(1) provides:

> [If] settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in . . . court . . . upon any policy of insurance . . ., and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as *attorney fees shall be taxed as part of the costs* of the action and any appeal brought thereon.

Emphasis added. According to Plaintiff, under the plain language of § 1332 costs are to be excluded from the calculation of the amount in controversy, and attorney fees awarded pursuant O.R.S. § 742.061 are done so as part of the costs of the action, therefore, attorney fees awarded pursuant to § 742.061 should not be considered in determining the amount in controversy.

5 – OPINION & ORDER

The Ninth Circuit has not addressed whether attorney fees authorized pursuant to § 742.061 should be included in the calculation of the amount in controversy. In *Julber v. Premera Blue Cross*, No. 6:17-CV-00790-AA, 2017 WL 3425179 (D. Or. Aug. 8, 2017), however, the district court concluded these fees should be included. The *Julber* court relied on the Supreme Court's decision in *Missouri State Life Insurance Company et al. v. Jones*, 290 U.S. 199 (1933), in reaching that conclusion. In *Missouri State* the Court considered whether to include attorney fees in the calculation of the amount in controversy under the removal statute when the fees were authorized pursuant to a Missouri state statute that provided attorney fees were "to be taxed up as a part of the costs therein and collected as other costs are or may be by law collected." 290 U.S. at 200-01. The Court noted it had previously held "a statute which allowed attorneys' fees to be taxed as part of the costs created a liability enforceable by proper judgment in a federal court; that the mere declaration of the state statute could not alter the true nature of the obligation." *Id.* at 202. The Court concluded the attorney fees requested by the plaintiff "became part of the matter put in controversy by the complaint, and not mere 'costs' excluded from the reckoning by the jurisdictional and removal statutes," accordingly they should be included in the calculation of the amount in controversy. *Id.*

Like the fee provision in *Missouri State,* O.R.S. § 742.061 creates a liability enforceable by a judgment in federal court and, therefore, the "mere declaration" in O.R.S. § 742.061 that fees are taxed as part of the costs of an action does not "alter the true nature of the obligation." 290 U.S. at 202. This Court, therefore, agrees with *Julber* that fees pursuant to § 742.061 may be included in the calculation of the amount in controversy for removal purposes.

Plaintiff also asserts that even though § 742.061 creates the right to attorney fees, Defendant has not established by a preponderance of the evidence that Plaintiff has satisfied the

6 – OPINION & ORDER

requirements of § 742.061 that would entitle her to attorney fees and, therefore, the Court should not include attorney fees in its calculation of the amount in controversy in this case. As noted, the Ninth Circuit has held when "determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry*, 692 F. App'x at 807 (citation omitted). Plaintiff alleges in her Complaint that she submitted a "timely demand for the satisfaction of her claim for damages," she "substantiated [her] claims for insurance benefits," and Defendant failed to make an offer of settlement within six months from the date of proof. Compl. ¶¶ 10, 20. These allegations, taken as true and assuming a verdict in Plaintiff's favor, are sufficient to establish a right to attorney fees for purposes of removal jurisdiction.

Plaintiff also contends even if the facts taken as true are sufficient, Defendant denied those portions of Plaintiff's Complaint in its Answer, and, therefore, Plaintiff's entitlement to fees is "far from certain." Pl.'s Memo. ECF 11 at 4. The Ninth Circuit has made clear, however, that the "existence of a valid defense to the claim does not eliminate federal jurisdiction." *Geographic Expeditions*, 599 F.3d at 1108. The court explained:

> just because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense. Further, if a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction.

*Id*. *See also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 928 (9th Cir. 2019)("the strength of any defenses indicates the *likelihood* of the plaintiff prevailing; it is irrelevant to determining the amount that is at stake in the litigation. Arias's argument "conflat[es] the amount in controversy with the amount of damages ultimately recoverable.")(emphasis in original)). The

7 – OPINION & ORDER

Court, therefore, does not consider the existence of a possible defense to Plaintiff's claims when considering whether to include attorney fees in the calculation of the amount in controversy.

The Court concludes pursuant to *Missouri State* and *Geographic Expeditions* that attorney fees requested by Plaintiff pursuant to § 742.061 "became part of the matter put in controversy by the complaint, and [are] not mere 'costs' excluded from the reckoning by the jurisdictional and removal statutes," and, therefore, those attorney fees should be considered in the calculation of the amount in controversy in this case.

### B.  Defendant has established attorney fees in this matter exceed $.01

As noted, Plaintiff alleges damages of $75,000. In order to satisfy the amount in controversy requirement, therefore, Defendant must prove only one penny in attorney fees is "at stake" in the litigation. *See*  28 U.S.C. § 1332(a)("The district courts shall have original jurisdiction of all civil actions where the matter in controversy *exceeds* the sum or value of $75,000 ")(emphasis added). *See also Chavez,* 888 F.3d at 417 ("The amount in controversy is not a prospective assessment of [a] defendant's liability. Rather, it is the "amount at stake in the underlying litigation.")(quotation omitted)); *Finley v. Nat'l Gen. Auto Home & Health Ins.*, No. 22-CV-03313-DMR, 2022 WL 5213400, at *3 (N.D. Cal. Sept. 19, 2022), *report and recommendation adopted*, No. 22-CV-03313-HSG, 2022 WL 5225823 (N.D. Cal. Oct. 5, 2022)("The court notes that the amount in controversy must exceed $75,000, *i.e.*, be greater than or equal to $75,000.01.")(citing *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252-53 (6th Cir. 2011)); *Am. Family Connect Prop. & Cas. Ins. Co. v. Walton*, 2021 WL 1931488, *2 (D. Nev. May 13, 2021)(" the amount in controversy is exactly $75,000, 'one penny short' of the jurisdictional requirement") (quoting *Freeland,* 632 F.3d at 252-53).

Outside the context of the Class Action Fairness Act (CAFA) the Ninth Circuit has held the amount in controversy, including the amount of attorney fees, must be assessed at the time of removal.[1] *See, e.g., Chavez,* 888 F.3d at 417 ("we consider damages that are claimed at the time the case is removed" in the calculation of the amount in controversy). In *Chavez* the Ninth Circuit explained how to determine when an amount is "at stake" with the following example: "If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are "at stake" in the litigation, whatever the likelihood that she will actually recover them." *Id.* Here Plaintiff claimed a right to attorney fees at the time or removal and the law entitles her to recoup attorney fees if she prevails, accordingly, attorney fees were "at stake" at the time Defendant removed the matter to this Court. In addition, the Court has no trouble concluding that at least $.01 in attorney fees was "at stake" at the time the case was removed. The Court, therefore, concludes Defendant has established the amount in controversy exceeds $75,000 and that this Court has jurisdiction.

---

[1] Defendant cites *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785 (9th Cir. 2018) for the proposition that the Court should consider fees accrued after removal in the calculation of the amount in controversy. *Fritsch*, however, was a case brought pursuant to CAFA and the Ninth Circuit has made clear that "no antiremoval presumption attends cases invoking CAFA," and, therefore, certain "principles apply [solely] in CAFA removal cases" including that "when a statute . . . provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 921 (9th Cir. 2019). This is not a CAFA case and, therefore, *Fritsch* is not applicable.

9 – OPINION & ORDER

## CONCLUSION

The Court concludes Defendant has established this Court has diversity jurisdiction.

IT IS SO ORDERED.

DATED: __November 18, 2022__ .

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge