**Peder Rigsby**, OSB #104903
E-mail: peder.rigsby@bullivant.com
**Sean D. McKean**, OSB #204142
E-mail: sean.mckean@bullivant.com
BULLIVANT HOUSER BAILEY PC
One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351
Facsimile: 503.295.0915

Attorneys for Defendant The Standard Fire
Insurance Company

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **EVA NORDIN**,<br><br>Plaintiff,<br><br>v.<br><br>**THE STANDARD FIRE INSURANCE COMPANY**, a foreign corporation,<br><br>Defendant. | Civil No.: 3:22-cv-00775-HZ<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

## TABLE OF CONTENTS

Page

I. EVIDENTIARY OBJECTIONS – LR 56-1(B) ................................................................... 1

    A. Rule 7-1 Certification ............................................................................................. 1

    B. Evidentiary Objections ........................................................................................... 1

        1. Exhibit 14 ....................................................................................................... 1

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**CAPTION, TABLE OF CONTENTS, TABLE OF AUTHORITIES**
**Page i**

     2.   Plaintiff's Statement Regarding Causation of Her Injuries and Recovery .................................................................................. 3

II. REPLY .................................................................................................... 4

   A.  Plaintiff Cannot Recover Her Emotional Distress Damages Under Any Theory ................................................................................................ 4

     1.   Plaintiff Cannot Recover Emotional Distress for a Breach of Contract ...................................................................................... 4

     2.   Plaintiff Cannot Recover Her Emotional Injuries Under a Tort Theory ......................................................................................... 7

         (a) The Physical Impact Rule Bars Both an Ordinary Negligence and a Negligence *Per Se* Theory Because Plaintiff Suffered No Physical Impact as a Result of the Alleged Negligence ......................................................... 7

         (b) A PIP Insurer Does Not Owe Its Insured an Independent Duty to Avoid Inflicting Emotional Harm Sufficient to Overcome the Physical Impact Rule .............................................. 10

         (c) ORS 746.230 Does Not Provide an Independent Standard of Care; Plaintiff's Analysis of *Georgetown Realty* and *Abraham* Misapprehend Oregon Law ............................................ 11

         (d) The Complaint Does Not Allege a Claim for Negligence *Per Se*     13

         (e) *Moody* Conflicts With the Oregon Supreme Court's Decision in *Farris* and This Court Should Decline to Follow It     14

   B.  There is No Genuine Dispute of Material Fact That Plaintiff Has Been Paid All PIP Benefits Due ........................................................................... 17

     1.   Standard Has Paid $26,132.10 in PIP Income Continuation Benefits; Plaintiff's Out-of-Date PIP Record Does Not Create an Issue of Material Fact................................................................ 17

     2.   Standard's Lost Income Calculation is Accurate and Appropriate Based on the Record ................................................................. 18

     3.   Plaintiff's Monthly Average Calculation is Inappropriate and Not Supported by the Record........................................................... 21

III. CONCLUSION...................................................................................... 23

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**CAPTION, TABLE OF CONTENTS, TABLE OF AUTHORITIES**
**Page ii**

# TABLE OF AUTHORITIES

Page(s)

CASES

*Abraham v. T. Henry Const. Inc.*,
230 Or. App. 564, 217 P.3d 212 (2009)...................................................................8, 11, 12

*Anderson v. Atlantic Recording Corp.*,
2010 WL 4791728 (D. Or. Nov. 18, 2010)....................................................................10

*Braun-Salinas v. American Family Ins. Group*,
665 Fed. Appx. 576 (9th Cir. 2016) (unpublished)....................................................12, 15

*Bryant v. Allstate Indemn. Co.*,
2022 WL 1910128 (D. Or. 2022)......................................................................................8

*Chouinard v. Health Ventures*,
179 Or. App. 507, 39 P.3d 951 (2002)..............................................................................8

*Coffey v. Northwestern Hospital Assn.*,
96 Or. 100, 183 P. 762 (1919) .........................................................................................5

*Farris v. U. S. Fidelity and Guarantee Co.*,
284 Or. 453, 587 P.2d 1015 (1978) .......................................................11, 12, 14, 15, 16

*Fehely v. Senders*,
170 Or. 457, 135 P.2d 283 (1943) ...................................................................................8

*Gartner v. United States*,
2017 WL 658855 (D. Or. Feb. 15, 2017)..........................................................................9

*Georgetown Realty Inc. v. Home Ins. Co.*,
313 Or. 97, 831 P.2d 7 (1992) ..............................................................................11, 12

*Hammond v. Central Lane Communications Center*,
312 Or. 17, 816 P.2d 593 (1991) ...................................................................................10

*Heusser v. Jackson County Health Dept.*,
92 Or. App. 156, 757 P.2d 1363 (1988)...........................................................................9

*Ivanov v. Farmers Ins. Co.*,
344 Or. 421, 185 P.3d 417 (2008) .................................................................................13

*JH Kelly, LLC v. Quality Plus Services, Inc.*,
305 Or. App. 565, 472 P.3d 280 (2020).........................................................................20

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

CAPTION, TABLE OF CONTENTS, TABLE OF
AUTHORITIES
Page iii

*Keltner v. Washington County*,
    310 Or. 499, 800 P.2d 752 (1990) ...............................................................4, 5, 6

*McAlpine v. Multnomah County*,
    131 Or. App. 136, 883 P.2d 869 (1994)...............................................................14

*McKenzie v. Pacific Health & Life Inc. Co.*,
    118 Or. App. 337, 847 P.2d 879 (1993)...........................................................4, 6, 7

*Meyer v. 4-D Insulation, Co.*,
    60 Or. App. 70, 652 P.2d 852 (1982)....................................................................11

*Moody v. Oregon Community Credit Union*,
    317 Or. App. 233, 505 P.3d 1047 (2022)...................................................14, 15, 16

*Paul v. Providence Health System-Oregon*,
    351 Or. 587, 273 P.3d 106 (2012) .....................................................................7, 8

*Philibert v. Kluser*,
    360 Or. 698, 385 P.3d 1038 (2016) .......................................................................9

*Runyan v. Foremost Ins. Co. Grand Rapids, Mich.*,
    Case no. 6:21-cv-01341-MC, Opinion and Order (D. Or. Oct. 26, 2022).........................8

*Saechao v. Matsakoun*,
    78 Or. App. 340, 717 P.2d 165 (1986)...............................................................8, 9

*Scovill By and Through Hubbard v. City of Astoria*,
    324 Or. 159, 921 P.2d 1312 (1996) ......................................................................16

*Shin v. Sunriver Preparatory School, Inc.*,
    199 Or. App. 352, 111 P.3d 762 (2005)................................................................10

*Solberg v. Johnson*,
    306 Or. 484, 760 P.2d 867 (1988) .........................................................................8

*Strader v. Granger Mut. Ins. Co.*,
    179 Or. App. 329, 39 P.3d 903 (2002)..............................................................11, 12

*Strawn v. Farmers Inc. Co. of Or.*,
    350 Or. 336, 258 P.3d 1199 (2011) ......................................................................13

*Summa Real Estate Group, Inc. v. Horst*,
    303 Or. App. 415, 464 P.3d 483 (2020).................................................................19

*Tomlinson v. Metropolitan Pediatrics, LLC*,
    275 Or. App. 658, 366 P.3d 370 (2015)..................................................................11

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**CAPTION, TABLE OF CONTENTS, TABLE OF
AUTHORITIES
Page iv**

*United States v. Urena*,
     659 F.3d 903 (9th Cir. 2011) ...........................................................3

**STATUTES**

Or. Rev. Stat. § 746.230 ...........................................................14, 15, 16

ORS 746.230...........................................................11, 12, 13, 14, 15

**OTHER AUTHORITIES**

Fed. R. Civ. P. 701(c) ...........................................................3

Fed. R. Civ. P. 702 ...........................................................4

Fed. R. Evid. 602 ...........................................................2

Fed. R. Evid. 702 ...........................................................3

Fed. R. Evid. 801(c) ...........................................................3

Fed. R. Evid. 803(6)(B) ...........................................................3

Fed. R. Evid. 901(a) ...........................................................2

Fed. R. Evid. 901(b)(1) ...........................................................2

LR 7-1(a)...........................................................1

LR 56-1(a)...........................................................19

LR 56-1(B)...........................................................1

Restatement of Contracts § 341 (1932) ...........................................................5

Rule 7-1...........................................................1

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**CAPTION, TABLE OF CONTENTS, TABLE OF
AUTHORITIES
Page v**

Defendant The Standard Fire Insurance Company ("Standard") submits the following reply in support of Standard's Motion for Summary Judgment.

## I. EVIDENTIARY OBJECTIONS – LR 56-1(B)

**A.    Rule 7-1 Certification**

Pursuant to LR 7-1(a) and LR 56-1(b), counsel for Standard certifies that he conferred with counsel for Plaintiff by phone on August 1, 2023, to discuss the issues raised in Standard's evidentiary objections and the parties were unable to resolve the dispute.

**B.    Evidentiary Objections**

Pursuant to LR 56-1(b), Standard makes the following evidentiary objections to documents submitted by Plaintiff in support of her Response to Defendant's Motion for Summary Judgment:

1.    Exhibit 14 to the *Declaration of Kymber R. Lattin* ("Profit and Loss Statements") is not properly authenticated and is hearsay without an applicable exception.

2.    The statement in the *Declaration of Eva Nordin* that "I did not recover properly from my low back surgery as a result of dealing with my insurance carrier and now suffer ongoing pain as a result" is expert testimony the witness is not qualified to provide.

**1.    Exhibit 14**

There are two categories of documents at issue in Exhibit 14, both of which are not admissible either because Ms. Lattin lacks adequate personal knowledge to authenticate those documents or because the documents are hearsay.  Pages one through six of Exhibit 14 purport to be "Monthly Profit and Loss Statements."  Pages seven through ten of Exhibit 14 appear to be scanned copies of printouts of digital bank account statements, which also contain handwritten notes.

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 1**

The Monthly Profit and Loss Statements are not records prepared by Plaintiff in the ordinary course of her business. (Ex. J at 86:9-87:3 attached to *Declaration of Sean McKean in Support of Defendant's Reply in Support of Motion for Summary Judgment* ("*Decl. McKean II*")). Instead, these are records prepared by counsel Plaintiff had previously retained. (*Id.* at 87:18-23; 92:19-24). Neither Ms. Lattin herself nor her office prepared these documents. (*Id.* at 92:19-24).

The bank account statements are difficult to interpret due to the low quality of the scanned image. In any event, neither Plaintiff nor her counsel make any attempt to authenticate these records or explain what the amounts depicted in the bank accounts represent. Nor do Plaintiff or her counsel attest to the source of the handwritten notes on these documents.

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Such evidence may include testimony of a witness with knowledge of the document. Fed. R. Evid. 901(b)(1). However, a witness may testify only to a matter on which the witness has personal knowledge. Fed. R. Evid. 602.

Ms. Lattin lacks adequate personal knowledge to authenticate the Monthly Profit and Loss Statements. The Monthly Profit and Loss statements were prepared by an attorney Plaintiff had retained prior to Ms. Lattin's involvement in this case. Ms. Lattin lacks personal knowledge of both how these documents were produced and what information Plaintiff's prior counsel relied upon in their production. Ms. Lattin also lacks personal

///

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 2**

knowledge to authenticate the bank account records or the handwritten notes on those records.

Even if those documents could be properly authenticated, the documents are inadmissible as hearsay without an applicable exception. The Monthly Profit and Loss Statements are hearsay because they contain statements regarding Plaintiff's income and expenses not made under oath in connection with this matter that Plaintiff offers to prove her income and expenses. *See* Fed. R. Evid. 801(c) (defining hearsay). The only potentially applicable exception is the exception for records "kept in the course of a regularly conducted activity of a business" provided in Fed. R. Evid. 803(6)(B). That exception, however, is inapplicable to the Monthly Profit and Loss Statements because those documents are not records Plaintiff kept as a regular activity of her business. (Ex. J at 86:21-87:3). While the typed information in the bank account records appears to contain some information that may be business records, Plaintiff has submitted no evidence of the origin of the handwritten notes, much less evidence that those notes constitute business records. Accordingly, Exhibit 14 is not admissible and should not be considered in connection with this motion.

## 2. Plaintiff's Statement Regarding Causation of Her Injuries and Recovery

Plaintiff's statement that "I did not recover properly from my low back surgery as a result of dealing with my insurance carrier and now suffer ongoing pain as a result" is expert testimony that she is not qualified to provide. The Ninth Circuit has held that testimony as to the causation of an injury constitutes expert testimony that is within the scope of Fed. R. Evid. 702. *United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011). A lay witness may not testify to an opinion that is "within the scope of Rule 702." Fed. R. Civ. P. 701(c).

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 3**

Plaintiff has not presented any evidence that she has the "knowledge, skill, experience, training, or education" necessary to qualify her to testify as to a person's recovery from lower back surgery or the impact that "dealing with [her] insurance carrier" may have had on that recovery. Fed. R. Civ. P. 702. Plaintiff's expert opinion statement is not admissible and should not be considered in connection with this motion.

## II. REPLY

### A. Plaintiff Cannot Recover Her Emotional Distress Damages Under Any Theory

Plaintiff's Second and Third Claims for relief should be dismissed because Plaintiff cannot recover the emotional damages sought under either a contract or tort theory.

#### 1. Plaintiff Cannot Recover Emotional Distress for a Breach of Contract

Plaintiff does not appear to contest that her Second Claim for Relief is a claim for breach of contract or that emotional distress damages are generally not recoverable under Oregon law. Instead, Plaintiff argues that the very limited exception provided in *McKenzie v. Pacific Health & Life Inc. Co.*, 118 Or. App. 337, 847 P.2d 879 (1993), for emotional distress caused by a breach of contract applies. Plaintiff's argument misapprehends the limited scope of that exception and is unsupported by the evidence in the record.

Under Oregon law, the "generally accepted rule is that contract damages will not be awarded for mental suffering only, not attendant to or following an injury to the plaintiff." *Keltner v. Washington County*, 310 Or. 499, 502, 800 P.2d 752 (1990). Emotional injury is only potentially recoverable where the Plaintiff suffers a physical injury as a result of the breach of contract and that physical injury then causes emotional distress. *Id.* at 506. Mental distress resulting from pecuniary loss does not satisfy the physical injury requirement and is not recoverable. *Id.* at 508.

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT
**Page 4**

In addition to suffering a physical injury, a plaintiff seeking to recover emotional damages for a breach of contract must also demonstrate that the "breach was wanton or reckless" and that "the defendant had reason to know when the contract was made" that a breach would be likely to cause the plaintiff an injury beyond mental distress related to pecuniary loss. *Keltner*, 310 Or. at 504 n. 2 (quoting the Restatement of Contracts § 341 (1932)). As a result, emotional distress resulting from breach of contract is generally recoverable only where the breach relates to the denial of medical treatment to the plaintiff. *See Coffey v. Northwestern Hospital Assn.*, 96 Or. 100, 115, 183 P. 762 (1919).

Plaintiff is unable to recover for her emotional distress resulting from the alleged breach of contract because there is no evidence that the breach caused her a physical injury other than emotional distress related to pecuniary loss. In fact, Plaintiff admitted in deposition that she did not suffer any physical injury as a result of Standard's claims handling. (Ex. K at 128:6-9 to *Decl. McKean II*). Instead, Plaintiff's physical symptoms were caused by stress related to her insurance claim. (*Id.* at 128:21-129:20 ); (*Declaration of Raymond Leo, DC in Supp. of Pl.'s Resp. to MSJ*); (*Declaration of Darrel C. Brett, MD in Supp. of Pl's Resp. to MSJ*). This type of injury is not recoverable in contract. *Keltner*, 310 Or. at 508.

Nor has Plaintiff provided any evidence that Standard's alleged breach was "wanton or reckless." To the contrary, the evidence in the record shows that this was a complex wage loss claim, that Plaintiff was not forthcoming with the necessary information for Standard to process her claim, and that, despite these challenges, Standard continued to pay Plaintiff wage loss benefits. (Ex. L at 39:22-40:3; 70:18-24; 71:7-10; 83:8-23; 85:7-24; 95:5-15 to

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 5**

*Decl. McKean II*); (*Declaration of Sean McKean in Support of Motion for Summary Judgment* ("*Decl. McKean I*") ¶¶ 5, 7); (*Declaration of Kymber R. Lattin*, Ex. 6, Ex. 14 pg. 7-10); (*Declaration of Bux Van Nest in Support of Motion for Summary Judgment* ("*Decl. Van Nest I*") ¶ 3). There is simply no reasonable basis from which to conclude that Standard's claim handling was wanton or reckless.

Finally, Plaintiff has presented no evidence that Standard had some reason to know, at the time of contract formation, that a physical injury would be a likely result of any breach. At issue here are wage loss benefits. Plaintiff has presented no evidence that Standard had any reason to know that Plaintiff would be likely to suffer a physical injury if her wage loss benefits were not appropriately paid. As a result, even if Plaintiff could prove physical injury, she cannot prove the other necessary elements to recover for emotional distress resulting from a breach of contract.

Plaintiff's reliance on *McKenzie* is inapposite. To begin, *McKenzie* is a decision of the Oregon Court of Appeals. To the extent that the decision in *McKenzie* suggests a broader exception to the general prohibition on recovery of emotional distress damages for breach of contract than described in the Oregon Supreme Court's opinion in *Keltner*, the Oregon Supreme Court's analysis controls. In any event, *McKenzie* is readily distinguishable. *McKenzie* involved the denial of **health insurance** benefits, resulting in the plaintiff experiencing **physical injury** due to her failure to seek necessary treatment for her aseptic necrosis. 118 Or. App. at 379. The Court of Appeals, analyzing a motion to dismiss, held that the plaintiff had adequately pled a contract claim for emotional distress because the

///

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 6**

plaintiff had pled that the breach of contract caused physical harm which resulted in emotional distress. *Id.* at 381.

Here, Plaintiff is alleging breach of an insurance contract related to **wage loss** benefits. (ECF 1-1 ¶ 10). Unlike the health insurance benefits at issue in *McKenzie*, the purpose of the benefits at issue was not to prevent or treat any physical condition. In addition, Plaintiff has not suffered a physical harm that resulted in emotional distress. Instead, Plaintiff is claiming the opposite: mental distress related to her pecuniary loss that resulted in physical pain. That is insufficient to permit recovery of emotional distress damages pursuant to a breach of contract theory. For those reasons, Plaintiff's Second Claim for Relief should be dismissed.

### 2. Plaintiff Cannot Recover Her Emotional Injuries Under a Tort Theory

#### (a) The Physical Impact Rule Bars Both an Ordinary Negligence and a Negligence *Per Se* Theory Because Plaintiff Suffered No Physical Impact as a Result of the Alleged Negligence

Regardless of the theory of relief, Plaintiff's Third Claim for Relief is barred by the physical impact rule because there is no evidence that she suffered a physical injury as a result of a physical impact due to Standard's alleged negligence. Plaintiff's evidence that her emotional distress resulted in subsequent physical harm is insufficient to satisfy the physical impact rule. This Court need not resolve whether an ordinary negligence or negligence *per se* claim against an insurer related to the insurer's claims handling is actionable because Plaintiff, here, cannot demonstrate the kind of injury necessary to sustain such a claim.

To prevail on a negligence claim, a plaintiff must prove that she suffered harm "'to an interest of a kind that the law protects against negligent invasion.'" *Paul v. Providence*

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 7**

*Health System-Oregon*, 351 Or. 587, 592, 273 P.3d 106 (2012) (quoting *Solberg v. Johnson*, 306 Or. 484, 490, 760 P.2d 867 (1988)).  The Oregon Supreme Court "consistently has rejected claims for emotional distress caused by a defendant's negligence, in the absence of any physical injury." *Id.* at 597.  The physical impact rule applies equally to a claim for negligence *per se*. *Runyan v. Foremost Ins. Co. Grand Rapids, Mich.*, Case no. 6:21-cv-01341-MC, Opinion and Order (D. Or. Oct. 26, 2022); *Bryant v. Allstate Indemn. Co.*, 2022 WL 1910128 at *3-4 (D. Or. 2022); *see also Abraham v. T. Henry Const. Inc.*, 230 Or. App. 564, 573, 217 P.3d 212 (2009) (observing that negligence *per se* is a species of negligence claim).

To overcome the physical impact rule, the plaintiff's emotional distress must "directly and as a natural consequence *flo[w] from* the physical injury." *Fehely v. Senders*, 170 Or. 457, 461, 135 P.2d 283 (1943) (emphasis added).  The Oregon Court of Appeals has described this requirement as permitting emotional distress damages only where the physical injury "*give[s] rise to*" the emotional distress. *Chouinard v. Health Ventures*, 179 Or. App. 507, 515, 39 P.3d 951 (2002).  *Fehely* and *Chouinard* confirm the temporal sequence necessary to permit recovery of emotional distress:  first, physical injury; second, emotional distress caused by that physical injury.

The insufficiency of physical symptoms caused by emotional distress to support a negligence claim was recognized by the Oregon Court of Appeals in *Saechao v. Matsakoun*, 78 Or. App. 340, 717 P.2d 165 (1986).  In *Saechao*, the plaintiffs brought a negligence action seeking to recover emotional distress they experienced after observing their brother killed in a car accident caused by the defendant. *Id.* at 342.  The plaintiff alleged that their emotional

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 8**

distress had manifested in physical symptoms, "including nausea, headaches, physical trauma and nightmares." *Id.* at 343. Despite these allegations, the *Saechao* Court analyzed the plaintiffs' claim as a claim for emotional distress in the absence of a physical injury. *Id.* at 344. The Court evaluated the appropriate test for permitting the recovery of emotional distress damages resulting from the observation of a physical impact to a third party, concluding that the "impact rule" for bystander liability should apply and affirming the dismissal of the plaintiffs' complaint. *Id.* at 346-48.

*Saechao* unambiguously demonstrates that physical manifestation of an emotional injury is insufficient to satisfy the physical impact rule. Had the plaintiffs' in *Saechao*'s physical manifestations of their emotional distress been sufficient, the court would not have had to analyze whether an exception to the physical impact rule applied.[1]

For its part, this Court has observed that physical manifestations of emotional distress are insufficient to satisfy the physical impact rule and that Oregon law instead requires "some form of direct physical injury or direct physical contact as a prerequisite to recovering emotional distress damages under a negligence theory." *Gartner v. United States*, 2017 WL 658855 at *7 (D. Or. Feb. 15, 2017). As a result, "to survive summary judgment on her claim for negligence under Oregon law, [a plaintiff] must establish that she suffered a

---

[1] The decision in *Saechao* was abrogated by the Oregon Supreme Court in *Philibert v. Kluser*, 360 Or. 698, 385 P.3d 1038 (2016). However, *Philibert* did not address whether a physical manifestation of emotional distress was sufficient to satisfy the physical impact rule. Instead, *Philibert* adopted a different standard for bystander liability than was recognized in *Saechao*. 360 Or. at 708-16. In fact, the Oregon Supreme Court itself described the *Saechao* plaintiffs as "not physically injured[.]" *Id.* at 701; *see also Heusser v. Jackson County Health Dept.*, 92 Or. App. 156, 159, 757 P.2d 1363 (1988) (recognizing that the *Saechao* plaintiffs' claim was for only "emotional trauma").

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT
Page 9**

physical touching that resulted in emotional distress." *Anderson v. Atlantic Recording Corp.*,

2010 WL 4791728 at *6 (D. Or. Nov. 18, 2010).  Evidence that plaintiff "suffered emotional

distress that gave rise to an exacerbation of her existing physical ailments" is insufficient to

satisfy the physical impact rule and permit recovery of emotional distress damages.  *Id.*

Plaintiff's negligence claim results from Standard's alleged negligent claim handling.

(ECF 1-1 ¶ 21).  Plaintiff did not suffer any physical touching or direct physical impact as a

result of Standard's handling of her insurance claim.  (Ex. K at 128:6-9).  Instead, Plaintiff

claims to have experienced emotional distress, which gave rise to physical symptoms.  (*Id.* at

128:21-129:4; 129:14-20); (*Decl. Nordin*); (*Decl. Leo*); (*Decl. Brett*).  That emotional

distress also allegedly exacerbated her existing physical ailments that resulted from the

accident.  *Id.*  Thus, Plaintiff has failed to present evidence that her emotional distress is the

result of a physical injury she suffered as a direct result of a physical touching or impact

caused by Standard's negligence.  As a result, the physical impact rule bars Plaintiff's Third

Claim for Relief.

> **(b)** **A PIP Insurer Does Not Owe Its Insured an Independent Duty to Avoid Inflicting Emotional Harm Sufficient to Overcome the Physical Impact Rule**

In the absence of a physical impact, Plaintiff may recover emotional distress damages

only where "the defendant's conduct infringed on some legally protected interest apart from

causing the claimed distress[.]"  *Hammond v. Central Lane Communications Center*, 312 Or.

17, 22, 816 P.2d 593 (1991).  Such an interest must be (1) "beyond the common-law duty to

exercise reasonable care to prevent foreseeable harm" and (2) "of sufficient importance to

warrant the award of emotional distress."  *Shin v. Sunriver Preparatory School, Inc.*, 199 Or.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT
Page 10**

App. 352, 365, 111 P.3d 762 (2005).  An insurance contract does not give rise to a relationship sufficient to permit the recovery of emotional distress damages.  *Farris v. U. S. Fidelity and Guarantee Co.*, 284 Or. 453, 456-58, 587 P.2d 1015 (1978).

Even if Plaintiff could prove such a relationship existed, Plaintiff cannot prove that the interest involved is of sufficient importance to permit recovery of emotional distress damages in the absence of a predicate physical injury.  Under Oregon law, emotional distress resulting from financial distress or frustration is not "of sufficient importance" to overcome the physical impact rule.  *Tomlinson v. Metropolitan Pediatrics, LLC*, 275 Or. App. 658, 682, 366 P.3d 370 (2015); *Meyer v. 4-D Insulation, Co.*, 60 Or. App. 70, 74-75, 652 P.2d 852 (1982).  Plaintiff's emotional distress, here, resulted from financial worry regarding Standard's payment of her insurance claim.  (ECF 1-1 ¶¶ 21, 23); (Ex. K at 129:5-13); (*Decl. Nordin*).  Accordingly, Plaintiff's claim, analyzed as either a claim for ordinary negligence or negligence *per se* is barred by the physical impact rule and must be dismissed.

### (c)  ORS 746.230 Does Not Provide an Independent Standard of Care; Plaintiff's Analysis of *Georgetown Realty* and *Abraham* Misapprehend Oregon Law

Even if Plaintiff could overcome the physical impact rule, her ordinary negligence claim would fail.  A plaintiff may recover in tort for negligently performing its obligations arising out of a contract only where the defendant is subject to a standard of care independent of the terms of the contract.  *Georgetown Realty Inc. v. Home Ins. Co.*, 313 Or. 97, 106, 831 P.2d 7 (1992).  Whether such a standard of care exists turns on the relationship between the parties.  *Strader v. Granger Mut. Ins. Co.*, 179 Or. App. 329, 334, 39 P.3d 903 (2002).  To give rise to an independent standard of care, the party's relationship must be such that the

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 11**

plaintiff has relinquished control over the subject matter of the relationship to the defendant, and the defendant has an obligation to exercise independent judgment on the plaintiff's behalf. *Id.*

In the insurance context, such a relationship exists only between a liability insurer and its insured where the insurer has undertaken the duty to defend. *Id.* at 335. No such relationship exists between a first-party insurer and its insured with respect to the obligation to provide first-party insurance benefits. *Id.*; *Braun-Salinas v. American Family Ins. Group*, 665 Fed. Appx. 576, 578 (9th Cir. 2016) (unpublished).

Plaintiff argues that ORS 746.230 provides an independent standard of care. In doing so, Plaintiff notes that the Oregon Court of Appeals in *Abraham* held that a statutory standard of care could satisfy the independent standard of care requirement. (ECF 29 at 8). Since *Abraham* was decided, however, the Oregon Supreme Court has limited the *Georgetown Realty* test "to cases where a 'special fiduciary-like relationship' exists between the insurer and the insured due to the insured delegating authority to exercise judgment on its behalf." *Braun-Salinas*, 665 Fed. Appx. at 578; *Strader*, 179 Or App at 335.

Even if *Abraham* were to apply, ORS 746.230 does not create an independent standard of care. In *Abraham*, the Court of Appeals held that a statute creates an independent standard of care only where the purpose of the statute is to protect the Plaintiff from the kind of harm suffered. *Abraham*, 230 Or. App. at 573. Here, Plaintiff alleges that she suffered emotional distress as a result of Standard's claims handling. (ECF 1-1 ¶ 23). ORS 746.230, however, "was certainly not intended by the legislature" to "allow[ ] the recovery of damages for emotional distress[.]" *Farris*, 284 Or. at 458. Because no independent standard of care

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 12**

applied to Standard's conduct, Plaintiff's ordinary negligence claim fails even if she had presented evidence of a physical impact.

Finally, Plaintiff argues that "Oregon law has consistently recognized first party claims against insurance companies for breaches of duties of good faith and fair dealing." (ECF 29 at 10). In support of that argument, however, Plaintiff cites only cases regarding the implied **contractual** duty of good faith and fair dealing in cases in which the plaintiff sought only **contractual** damages. (ECF 29 at 10-11) (citing *Ivanov v. Farmers Ins. Co.*, 344 Or. 421, 185 P.3d 417 (2008), and *Strawn v. Farmers Inc. Co. of Or.*, 350 Or. 336, 258 P.3d 1199 (2011)).[2] Standard does not contest that under Oregon law an insured can bring a breach of contract claim for breach of the implied covenant of good faith and fair dealing seeking contract damages. Oregon law does not permit recovery of emotional damages for such a claim or a tort claim resulting from negligent performance of an insurance contract.

### (d) The Complaint Does Not Allege a Claim for Negligence *Per Se*

The Complaint alleges only a common law negligence claim, and Plaintiff cannot rely on a negligence *per se* theory to support her Third Claim for Relief. Plaintiff's Third Claim for Relief makes no reference to ORS 746.230. (ECF 1-1 ¶ 18-23). While that statute is referenced in Plaintiff's First Claim, Plaintiff does not allege that Standard's violation of the

///

---

[2] Plaintiff also cites a number of decisions by the Multnomah County Circuit Court. Plaintiff, however, provides only the Court's orders on various motions. (*Decl. Lattin* Exs. 8-10). Plaintiff does not provide copies of the pleadings or motions in those cases from which this Court could determine what was at issue or the applicability of the rulings in those cases to the issues here. In any event, decisions of the Multnomah County Circuit Court are not binding on this Court.

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 13**

statute constituted negligence.[3]  Plaintiff cannot now, more than a year after the deadline to amend the Complaint, assert an unpled theory to defeat summary judgment.

Plaintiff counters by arguing that "if [Standard] had difficulty understanding the plaintiff's pleadings, the correct remedy would have been to file a motion pursuant [to] [Fed. R. Civ. P.] 12."  (ECF 29 at 17).  But it is Plaintiff's obligation to plead the claims she wishes to pursue, not Standard's obligation to seek clarification.  In any event, Standard did not have difficulty understanding the pleadings.  Since *July 12, 2022*, Plaintiff's counsel has been aware that Standard's position was that the Complaint did not state a claim for negligence *per se*.  (Ex. M to *Decl. McKean II* ¶ 5).  That theory has not been alleged, and the Court should not consider it at this late stage.

### (e)  *Moody* Conflicts With the Oregon Supreme Court's Decision in *Farris* and This Court Should Decline to Follow It

To state a claim for negligence *per se*, a plaintiff must plead and prove the following elements:

> (1) [the defendant] violated a statute; (2) that plaintiff was injured as a result of that violation; (3) that plaintiff was a member of the class of persons meant to be protected by the statute; and (4) that the injury suffered is of a type that the statute was enacted to prevent.

*McAlpine v. Multnomah County*, 131 Or. App. 136, 144, 883 P.2d 869 (1994).

A claim for emotional distress resulting from a violation of ORS 746.230 cannot establish the fourth element of such a claim because the Oregon Supreme Court in *Farris*

---

[3] In Defendant's Motion, Defendant inaccurately stated that the Complaint did not contain a reference to Or. Rev. Stat. § 746.230.  (ECF 24 at 11).  Defendant acknowledges that the Or. Rev. Stat. § 746.230 is referenced in the First Claim For Relief.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 14**

held that emotional distress damages are not the type of injury that the statute was enacted to prevent. In interpreting Or. Rev. Stat. § 746.230, the *Farris* Court determined that recovery of emotional distress damages resulting from Or. Rev. Stat. § 746.230 was "certainly not intended by the legislature[.]" *Farris*, 284 Or. at 458. "There is nothing to indicate that the legislature intended, when it prohibited certain claim settlement practices in ORS 746.230, that actions for breach of contract would be transformed. . . into tort actions with a resulting change in the measure of damages." *Id.* In fact, Or. Rev. Stat. § 746.230 "express[es] no public policy which would promote damages for emotional distress." *Id.*

The Oregon Supreme Court's holding in *Farris* that emotional distress resulting from an insurer's claim handling practices are not the kind of harm Or. Rev. Stat. § 746.230 was enacted to prevent precludes a Plaintiff seeking to recover for emotional damages from establishing the fourth element of a negligence *per se* claim. The Ninth Circuit, as well, has recognized that a negligence *per se* claim for an insurer's failure to comply with § 746.230 is not actionable. *Braun-Salinas*, 665 Fed. Appx. at 577-78.

To be sure, the Oregon Court of Appeals in *Moody* held that *Farris* did not preclude a negligence *per se* claim resulting from a violation of § 746.230 because *Farris* concerned only statutory liability, not negligence *per se*. *Moody v. Oregon Community Credit Union*, 317 Or. App. 233, 244, 505 P.3d 1047 (2022). In finding that the Legislature did intend § 746.230 to prevent infliction of emotional damages, the Oregon Court of Appeals opined that the Oregon Supreme Court's contrary holding "was plainly *dictum*." *Id.* The Oregon Court of Appeals' interpretation of *Farris*, however, is erroneous.

///

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 15**

The Oregon Supreme Court's interpretation of § 746.230 in *Farris* is not *dictum*. At issue in *Farris* was whether an insurer could be liable for emotional distress damages resulting from the denial of the plaintiff's insurance claim. 284 Or. at 455. In deciding that issue, the court evaluated whether § 746.230 created a statutory duty that could give rise to a legally protected interest beyond the general duty to exercise reasonable care, a necessary prerequisite to the recovery of emotional damages. *Id.* at 458. It is in the discussion of that issue that the holding in *Farris* regarding the legislative intent of § 746.230 occurs. *Id.* Whether the Oregon Legislature intended a statute to protect from a type of harm is a necessary inquiry in deciding whether a statute creates a duty that may give rise to a tort remedy. *Scovill By and Through Hubbard v. City of Astoria*, 324 Or. 159, 171, 921 P.2d 1312 (1996). Thus, the discussion of the Legislature's intent in enacting § 746.230 in *Farris* is not *dictum*.

Even if that holding in *Farris* was *dictum*, the Oregon Supreme Court's declaration that the Legislature "certainly" did not intend for violations of § 746.230 to give rise to liability for emotional distress damages is, at the very least, convincing evidence that the Oregon Supreme Court would determine that the statute does not support recovery of emotional damages under a negligence *per se* theory. Thus, the *Farris* decision provides convincing evidence that the highest court of the state would decide the issue differently, and this Courts should decline to follow *Moody*.

//

///

///

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 16**

**B.** **There is No Genuine Dispute of Material Fact That Plaintiff Has Been Paid All PIP Benefits Due**

    **1.** **Standard Has Paid $26,132.10 in PIP Income Continuation Benefits; Plaintiff's Out-of-Date PIP Record Does Not Create an Issue of Material Fact**

There is no genuine issue of material fact that Standard has paid Plaintiff $26,132.10 in PIP income continuation benefits. The Declaration of Bux Van Nest provides that as of June 29, 2023, Standard issued PIP income continuation benefits to Plaintiff in the amount of $26,132.10. (*Decl. Van Nest I* ¶ 3). Mx. Van Nest has personal knowledge of Plaintiff's claim. (*Decl. Van Nest I* ¶ 2). Mx. Van Nest's declaration, alone, is sufficient to establish the quantity of income continuation benefits paid to Plaintiff. To the extent this Court has any doubt, Standard attaches a current copy of the PIP ledger applicable to Plaintiff's claim. (Ex. P to *Declaration of Bux Van Nest in Support of Defendant's Reply In Support of Motion for Summary Judgment* (*Decl. Van Nest II*)).[4]

In a failed attempt at creating a fact question, Plaintiff attaches an out-of-date PIP ledger demonstrating PIP income continuation payments amounting to only $14,717.54. (*Decl. Lattin* Ex. 6). This PIP ledger purports to show payments only for the "Date Range" of "5/24/2021 To 1/12/2022." (*Id.*). A January 12, 2022, PIP ledger showing $14,717.54 in benefits paid does not contradict Mx. Van Nest's June 2023 statement that the amount of PIP benefits paid, at that time, was $26,132.10.

///

---

[4] Standard did not include an updated PIP ledger to its Motion because Standard did not understand the amount of PIP income continuation benefit payments previously made to be in dispute.

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 17**

The discrepancy between the amounts shown in the June 2022 PIP ledger and

Mx. Van Nest's declaration is easily explained by the three additional PIP payments

Standard has issued since June 12, 2022, as additional information permitting Standard to

calculate the amount of benefits due became available. (Ex. P); (Exs. N & O to *Decl.*

*McKean II*). On June 13, 2022, the day after the period shown in the out-of-date PIP ledger,

Standard issued a payment to Plaintiff in the amount of $2,717.54. (Ex. P); (*Decl. Van Nest*

*II* ¶ 3). In March 2023, Standard issued Plaintiff a payment of $7,917.06. (*Decl. Van Nest II*

¶ 3); (Ex. N). In June 2023, Standard issued Plaintiff another payment of $779.96. (*Decl.*

*Van Nest II* ¶ 3); (Ex. O).

Summed together: $14,717.54 + $2,717.54 + $7,917.06 + 779.96 equals $26,132.10,

the amount attested to by Mx. Van Nest. There is no question of material fact as to the

amount of PIP income continuation benefits Standard paid.

## 2. Standard's Lost Income Calculation is Accurate and Appropriate Based on the Record

As demonstrated in Standard's Motion, a comparison of Plaintiff's actual monthly

income during the period of disability to her average monthly income prior to that period

demonstrates that Plaintiff is entitled to only $26,132.10 in PIP income continuation benefits.

There is no genuine issue of material fact that Standard has already issued payment to

Plaintiff in that amount. Standard's lost income calculation method appropriately utilizes the

admissible evidence in the record and demonstrates that no additional benefits are due.

Plaintiff first argues that Standard's calculation is flawed because it fails to account

for Plaintiff's expenses. (ECF 29 at 19). Plaintiff then provides a chart purporting to show

///

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**Page 18**

Plaintiff's lost income if her expenses are accounted for. (ECF 29 at 20-21). Plaintiff's argument and chart are flawed for a variety of reasons.

As an initial matter, Plaintiff has failed to present any admissible evidence supporting her expense calculation. The expense amounts contained in Plaintiff's chart for May 2021 through October 2021 appear to come from the "Monthly Profit and Loss Statements" attached to counsel's declaration. The November 2021 through January 2022 expenses appear to come from handwritten notes on poorly photocopied bank statements.[5] As discussed in Standard's evidentiary objections, these documents have not been properly authenticated and are inadmissible hearsay. In addition, even if admissible, the bank statements would not accurately reflect Plaintiff's monthly expenses. At her deposition, Plaintiff testified that her credit card statements, not her bank statements, reflect her business's expenses. (Ex. K at 118:1-13). Plaintiff has not submitted any evidence of her credit card statements.

Plaintiff's chart then represents February and March 2022 expenses, without any support whatsoever, of $811.72 per month. These amounts appear to be averages of Plaintiff's prior monthly expenses. But these figures do not help Plaintiff's cause. Under Oregon law, **_Plaintiff_** bears the burden of proving her own expenses in a claim for lost wages. *Summa Real Estate Group, Inc. v. Horst*, 303 Or. App. 415, 423, 464 P.3d 483 (2020). Plaintiff may not rely upon "speculative or unverifiable estimates" of her expenses

---

[5] Standard's interpretation of the source of the expenses in Plaintiff's chart relies in large part on guesswork based on Plaintiff's failure to specify the source of that information. *See* LR 56-1(a) ("A party's factual positions must be supported by citations, by page and line as appropriate, to particular materials in the record").

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 19**

to prove her net profit. *JH Kelly, LLC v. Quality Plus Services, Inc.*, 305 Or. App. 565, 585, 472 P.3d 280 (2020). Plaintiff offers no evidence of her February or March expenses and fails to explain why it is appropriate to assume an average monthly expense.

At her deposition, Plaintiff testified that her expenses are fixed and consist of licensing fees, training classes, and insurance premiums. (Ex. J at 100:2-23). Some of those expenses are paid on a yearly basis, while others are paid every other year. (*Id.* at 100:13-23). Thus, there is no reason to assume that Plaintiff's expenses in each individual month are reflective of her expenses in later months, as many of her expenses reflect single payments that cover multiple months' costs. (*Id.* at 100:17-23). [6]

In any event, Plaintiff testified that the amount of her expenses had not changed since the accident. (Ex. J at 98:20-24). As a result, Standard's comparison of Plaintiff's pre- and post-accident income without accounting for expenses is appropriate, as Plaintiff herself testified that those expenses were the same. Drawing all reasonable inferences based on the admissible evidence in Plaintiff's favor, Standard's chart is the most accurate calculation of Plaintiff's recoverable income continuation benefit based on her own testimony. That chart demonstrates that Plaintiff was fully compensated by the $26,132.10 Standard has already paid her.

///

///

///

---

[6] In addition, Plaintiff's attempt to determine her business's "Actual Income" likely constitutes an expert opinion for which Plaintiff has presented no expert testimony to support.

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 20**

### 3. Plaintiff's Monthly Average Calculation is Inappropriate and Not Supported by the Record

Plaintiff proposes that her lost income should be determined by calculating her average monthly lost income and multiplying that amount by the 11-month loss period. (ECF 29 at 21-23). Plaintiff's average monthly income method, however, is not supported by the language of the Policy or the record.

Under the Policy, Plaintiff is entitled to recover "70% of [her] loss of income from work during a period of disability." (Policy at 19). (*Id.* at 21). Thus, the benefits Plaintiff is entitled to recover are based upon the amount of income she actually lost. The Policy then provides a limit of "$3,000 per month." To apply that limit, Standard, necessarily, must determine Plaintiff's income per individual month. Read together then, the Policy provides that Plaintiff is entitled to recover the actual amount of income she lost during a period of disability, up to a maximum of $3,000 per month. Plaintiff points to no language in the Policy supporting a monthly average approach.

The evidence in the record further demonstrates that the month-by-month calculation of Plaintiff's lost income is superior to Plaintiff's monthly average approach. Plaintiff herself testified that Standard's approach was the most accurate method to calculate her monthly income. (Ex. J at 39:5-40:13). The ledger demonstrates the amount of work Plaintiff performed per month, both in terms of the number of jobs performed and the amount of income earned, varied significantly. (Ex. D. to *Decl. McKean I*). For example, in September 2021, Plaintiff performed eleven inspections, while in November 2021 she performed only one. (*Id.*). An average monthly income approach fails to account for the extent to which Plaintiff's work capacity varied during the period of her disability.

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 21**

August 2021 best demonstrates the fallacy of Plaintiff's monthly average approach. In August 2021, despite her disability, Plaintiff earned $7,440. (*Id.*) That is $285.41 ***more*** than Plaintiff earned before her injury. Despite earning more than she did pre-injury, Plaintiff's monthly average calculation would provide Plaintiff with $3,000, ***the maximum monthly benefit***, in income continuation benefits for that month. That would be an absurd result.

Plaintiff also argues that the monthly average calculation method is appropriate because it resembles Standard's benefit calculation pre-suit. (ECF 21-22). Plaintiff, however, provides no support for her position that Standard is precluded from calculating her lost income using a more accurate method simply because Standard utilized a method that was more favorable to her pre-suit. Plaintiff has brought a claim for breach of contract. She is entitled only to those benefits provided by the insurance contract. If the benefit calculation set forth in Standard's Motion is accurate under the policy, Standard is entitled to summary judgment regardless of the methodology it utilized pre-suit.

Plaintiff's argument that Standard should be precluded from utilizing a more accurate income calculation method than it used pre-suit is also grossly inequitable under the circumstances. Plaintiff did not provide the ledger to Standard before suit was filed. (Ex. J at 43:3-5). Even after suit was filed, despite Standard's July 2022 production request, Plaintiff did not produce the ledger until April 25, 2023, ***after*** discovery had closed. (*Decl. McKean I* ¶ 5). Prior to suit, Plaintiff failed to provide Standard with information regarding when Plaintiff was working or information from which Standard could determine how much she had earned in any particular month. (Ex. J at 91:3-25); (Ex. L at 70:18-24, 71:7-10, 79:9-

Bullivant|Houser|Bailey PC

One SW Columbia Street, Suite 800
Portland, Oregon 97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 22**

13, 86:21-87:9).  As a result, prior to suit, Standard did not have the information it needed to accurately calculate Plaintiff's true per-month income loss.  (*Id.* at 95:5-15).  Instead, pre-suit, Standard utilized a monthly average calculation method in an attempt to provide Plaintiff with her income continuation benefit with the information Standard had at the time.

It would be grossly inequitable to deny Standard the benefit of an accurate calculation of Plaintiff's income based on Plaintiff's failure to provide Standard with sufficient information pre-suit or to timely comply with her discovery obligations after suit was filed. Plaintiff herself testified that the best method for determining her monthly income is by summing the amounts listed in her ledger with check marks for each month.  (Ex. J at 39:5-40:13).  That is the method used in Standard's motion.  Plaintiff cannot now argue that another method is superior simply because that method would entitle her to additional benefits.  The most accurate method of calculating Plaintiff's lost income demonstrates that Plaintiff has received all income continuation benefit payments that she is due.  As a result, Standard is entitled to summary judgment on Plaintiff's claims.

## III.  CONCLUSION

For the reasons stated above and in Standard's Motion for Summary Judgment, the Court should dismiss Plaintiff's claims as a matter of law.  Plaintiff failed to demonstrate that she is entitled to additional PIP wage loss benefits under the Policy.  Plaintiff also failed to

///

///

///

///

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
**Page 23**

show that she is entitled to seek emotional distress damages under her negligence or implied covenant claims.

DATED:  August 7, 2023

BULLIVANT HOUSER BAILEY PC

By   _/s/ Sean D. McKean_____
**Peder Rigsby**, OSB #104903
E-mail:   peder.rigsby@bullivant.com
**Sean D. McKean**, OSB #204142
E-mail:   sean.mckean@bullivant.com
Telephone: 503.228.6351

Attorneys for Defendant The Standard Fire
Insurance Company

4886-4260-7474.1 24954/00881

**Bullivant|Houser|Bailey PC**

One SW Columbia Street, Suite 800
Portland, Oregon  97204-4022
Telephone: 503.228.6351

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT
Page 24**